824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AAAA ENTERPRISES, INC., Appellant,
v.
The UNITED STATES, Appellee.
 Appeal Nos. 87-1035, 87-1036.
 United States Court of Appeals, Federal Circuit.
 May 29, 1987.
 
 Before MARKEY, Chief Judge, and DAVIS and NEWMAN, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Armed Services Board of Contract Appeals (ASBCA or Board) on appellant's Government contract[1] are affirmed.
 
 OPINION
 
 2
 Appellant AAAA Enterprises, Inc. (AAAA) had a contract to repair certain dikes at Plattsburgh Air Force Base, New York. Out of that contract there arose the two separate claims now before us. One claim is by the Government for a price-reduction because appellant used less asphalt than called for in the contract. The other claim is by appellant for an equitable adjustment for having encountered a differing site condition said to cause additional expenses. The ASBCA rejected appellant's position in both cases.
 
 
 3
 1. On the Government's contention that AAAA used less asphalt than required by the contract, there was substantial evidence supporting the ASBCA's findings, and the allocation of the burden of proof was correct. It is settled that we cannot review the evidence de novo. There was a patent error in the specifications which the contractor knew or should have recognized but failed so to advise the contracting officer. On the ASBCA's factual findings, which we must accept as adequately supported, its conclusion was correct.
 
 
 4
 2. As for the asserted differing site condition, AAAA failed to notify the contracting officer, in timely fashion, as it was required to do. Again, the ASBCA's factual findings are sufficiently sustained by substantial evidence, and on that result the ASBCA's legal conclusion naturally follows.
 
 
 5
 3. AAAA's contention that it suffered from the Government's overinspection of the work was permissibly denied by the ASBCA as not factually substantiated. That finding, too, is binding.
 
 
 6
 4. Another of AAAA's arguments is that a Government witness was not sequestered as asked by appellant. This was done primarily because AAAA's request was not timely made under the ASBCA's procedures. The 15-day advance notice called for by the Board could well be excessive but appellant has not adequately explained why it could not, in this instance, have earlier sought sequestration of the particular witnesses. Nor does there appear to have been prejudice from the failure to exclude. In sum, no abuse of discretion has been shown.
 
 
 7
 5. Finally, AAAA complains that Government witness Arvay was overpaid contrary to 28 U.S.C. Sec. 1821. That statute applies to federal courts, not directly to the Board, and we see no abuse in reimbursing a non-Government witness for his lost wages.
 
 
 
 [1]
 AAAA Enterprises, Inc., ASBCA Nos. 28541 and 28172, 86-1 BCA p 18,695 and p 18,628